## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY L. PEARSON, | : | |
| | : | **Case No. 1:12CV966** |
| Plaintiff, | : | |
| | : | **JUDGE BECKWITH** |
| v . | : | |
| | : | **MAGISTRATE JUDGE LITKOVITZ** |
| UNITED AUTOMOBILE WORKERS | : | |
| INTERNATIONAL UNION, et al., | : | <u>**STIPULATED PROTECTIVE ORDER**</u> |
| | : | |
| Defendants. | : | |

WHEREAS, the parties hereto – Plaintiff Timothy Pearson, Defendants International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW") and its Local 863 ("UAW Local 863), and the Ford Motor Company ("Ford") – believe that discovery in the above-captioned matter may involve the exchange of Confidential Information and may otherwise require the disclosure of such information; and

WHEREAS, in light of the foregoing, the parties wish to establish procedures to control the disclosure, handling and use of Confidential Information as described herein;

IT IS HEREBY STIPULATED AND AGREED as follows by and between the parties hereto through their respective counsel:

1. This Stipulated Protective Order ("Order") governs the use of information and documents produced in the above-captioned action, and any appeal therefrom through final judgment.

2. "Documents" shall mean all writings of any kind, electronically stored or electronically generated information, or graphic material of any type, and any other similar

materials, or portions thereof, including but not limited to initial disclosures, responses to discovery requests, and deposition testimony and exhibits.

3.      "Confidential Document" shall mean any document that contains Confidential Information and which any party hereto designates as "Confidential" at any time and in any manner set forth in this Order.   "Confidential Documents" shall also include documents designated as Confidential Documents pursuant to the Stipulated Protective Order entered in *Timothy Pearson v. Ford Motor Company*, Case No. 1:08-cv-881, Judge Spiegel.   All documents, information or materials designated "Confidential" in accordance with this Order shall be treated as Confidential for purposes of, and pursuant to, this Order.

4.      "Confidential Information" shall mean information that a party hereto claims, in good faith based upon reasonable grounds, to be material that is privileged or confidential under the laws of Ohio or the United States and such confidence or privilege has not been waived by disclosure to the public.

5.      All Confidential Information produced or provided by any party hereto or by a witness through discovery in this action shall be used only for the purposes of preparing for and conducting litigation proceedings in this action and on appeal, if any, in the manner prescribed herein, and for no other purpose. Prior to the production of any documents relating to the action of *Timothy Pearson v. Ford Motor Company* or Ford's operations or documents authored by Ford (as apparent on their face or known by the producing party), counsel for Ford Motor Company shall be given the opportunity to review said documents for the purpose of determining whether these documents are "Confidential." If the documents are determined to be Confidential by Ford, they will be designated as such by the producing party and shall be treated as any other Confidential Information described herein.

6.     Any party may designate any document, information or material as "Confidential" in the reasonable and good faith exercise of such party's discretion and belief that the designated item(s) contains Confidential Information, provided, however, that by agreeing to this Order, no party waives the right to challenge any other party's designation of any document or other material as "Confidential." The designation "Confidential" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  By designating a document or information as "Confidential," the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation.

7.     Any party may designate documents as confidential and restricted in disclosure under this Order by placing the word "Confidential" on the document.  If there are a series of documents, some of which contain Confidential Information, any such document or section thereof that contains Confidential Information shall be so marked.

     a.  For deposition or hearing testimony, any party may designate a portion of a transcript (including exhibits) as Confidential by informing all other parties in writing within fourteen (14) days after receipt of the transcript (or such other time as may be agreed) as to the specific pages deemed Confidential, and thereafter such pages shall constitute Confidential Documents pursuant to this Order.

     b.  For responses to interrogatories or requests for admissions, a party may designate such information as "Confidential" by written designation in the answers to the interrogatories or responses to requests for admissions.

8.      If through inadvertence, a party produces any document or portion thereof which contains Confidential Information but fails to designate the document as "Confidential," the producing party may subsequently designate the document as "Confidential."

9.      No Confidential Information shall be used, disclosed, copied or reproduced in any form, except for the purpose of litigating this action (including any appeal), and the content and substance of any Confidential Information, or any copy or reproduction thereof, may in no way be shown, divulged, or otherwise communicated to any person or entity, except for the Court under seal, the parties, their spouses, officers, directors, and employees of the parties who are assisting in the preparation or conduct of this litigation, the jury, court reporters and recorders, trial witnesses, third party witnesses, deponents, expert witnesses, consultants, investigators, advisors or mediators employed or retained by the parties or counsel for the parties, the parties' legal counsel and necessary staff employees thereof or their representatives, in connection with this specific litigation.

10.     Counsel making disclosure of Confidential Information to expert witnesses, consultants, investigators, advisors or mediators employed or retained by the parties or counsel for the parties shall advise any such person or entity of the express terms of this Order, and shall require that each person or entity sign a Certification attached hereto as Exhibit A prior to the disclosure of Confidential Information to him/her/it. The party who discloses such Confidential Information shall maintain each original, signed Certification for a period of one year after dismissal of the action, the Entry of Final Judgment and/or the conclusion of any appeals arising therefrom and need not produce it except upon order of the Court for good cause shown, or by agreement of the parties.

11.     Counsel for each party shall maintain a complete list of all expert witnesses, consultants, investigators, advisors or mediators employed or retained by the parties or counsel for the parties who are shown Confidential Information by said counsel and, if requested, shall provide this list to the opposing counsel at the conclusion of this litigation.

12.     If Confidential Documents and/or Information, including any portion of a deposition transcript designated as "Confidential," is referenced in any brief, memorandum or pleading to be filed in Court, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any Confidential Information in accordance with the following provisions and the Local Rules of the United States District Court for the Southern District of Ohio:

a.   Before any document marked "Confidential" is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as "Confidential" to determine whether, with the consent of that party, the document or a related version of the document may be filed with the Court not under seal.

b.   This Protective Order does not authorize filing protected materials under seal.  No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal.  *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996).  Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Cir. R. 79.3.

c.   Where agreement is not possible or adequate and prior Court permission has been granted, before a "Confidential" document is filed with the Clerk, it should be

placed in a sealed envelope marked "Confidential – Subject to Protective Order Documents," displaying the case name, docket number, a designation of what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the documents on the front of the envelope. A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

d. To the extent that it is necessary for a party to discuss the content of any "Confidential Information" in a written pleading, such portion of the pleading may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleading, a public version and a confidential version. The public version shall contain a redaction of references to "Confidential" Documents and/or Information. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as described above. A copy of the unredacted pleading shall also be delivered to the judicial officer's chambers.

e. If the Court has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow the alternative method and not file any documents or pleadings manually with the Clerk of Court.

13. Within thirty days after the conclusion of this litigation, including any appeal, all documents and information designated as "Confidential" produced pursuant to this Order shall be returned to counsel for the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; or (2) the parties agree to destruction in lieu of return, provided that counsel for the parties certify in writing that the Confidential Information

has been destroyed. Any documents relating to the *Timothy Pearson v. Ford* lawsuit which have been designated by Ford as Confidential shall be returned to Ford's counsel. The foregoing shall not limit counsel from maintaining the integrity of their files in accordance with the applicable Rules of Professional Conduct, including but not limited to all attorney work product so long as that work product does not duplicate verbatim substantial portions of the text or images designated as "Confidential."

14.    Nothing in this Order shall be deemed to preclude the admission of Confidential Information into evidence in this case. The entry of this Order shall not restrict or limit the use of any information subject to this Order at trial, as the parties herein have reserved all rights to seek admission of such information into evidence, and to move the Court to modify this Order to limit or restrict such introduction, use, or reference at trial. No party waives the right to object to the use, relevance or admissibility of any discovery material at trial or otherwise, whether or not the discovery material is designated in whole or in part as Confidential Information subject to this Order.

15.    By agreeing to this Order, no party waives his/its attorney-client privilege or any other protection provided by federal or state law. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or persons with respect to any information subject to this Order. However, the sole remedies for a breach of this Order shall be an injunction and/or a finding of Contempt of Court, such remedies to be decided by the Court.

16.    Nothing in this Order shall be construed as a waiver by any party of his/its right to object to any request for discovery or subpoena. This Order shall not be construed as an order to any party to produce any documents or to supply any information and shall not constitute an

admission that any documents or information which may exist are relevant in any way to the issues raised in this or any other litigation or a waiver of any privilege or immunity with respect thereto. The parties reserve the right to seek further protective orders from the Court in connection with any documents and other information.

17.     The provisions of this Order shall continue to be binding after the conclusion of this action. The Court retains jurisdiction over the parties for enforcement of the provisions of this Order following the conclusion of this action.

18.     This Order does not constitute any determination by this Court, nor is it a stipulation by the parties, that any document or information designated as "Confidential" by a party is entitled to any level of confidentiality. Any party (the "requesting party") may at any time request in writing that any information or document designated as "Confidential" be released from the requirements of this Order, and, unless otherwise agreed in writing, the requesting party shall meet and confer with the designating party within ten (10) business days of a written request. If an agreement cannot be reached by negotiation and the Court has not provided for a different procedure to handle such disputes, then the requesting party must make an application under Local Rule 37.2 within ten (10) business days of the meet and confer for a ruling from the Court on the continued application of the "Confidential" designation of such information or document. In the event that such application is made, the information or document shall be submitted to the Court under seal for the Court's review and the terms of this Order shall continue to apply to such information or document until such time as the Court rules otherwise. If such an application is not made by that time, the document or information in dispute shall remain as Confidential Information. The above procedure shall not preclude application to the Court on a more expedited basis as circumstances warrant.

19.     While this Court and the parties upon further stipulation may modify this Order at

any time, a party challenging a confidentiality designation under this Order is not seeking a

modification of this Order, but rather is enforcing the party's rights under Paragraph 18 above.

20.     ALL PROVISIONS OF THIS ORDER ARE SUBJECT TO FURTHER ORDER

OF THE COURT.

**IT IS SO ORDERED.**


Karen L. Litkovitz
United States Magistrate Judge

We so stipulate and agree to abide by the terms of this Order:

/s/ Donald B. Hordes (per email auth.)
Donald B. Hordes (0014212)
Hallie S. Borellis (0076510)
SCHWARTZ MAINES RUBY & SLOVIN
2900 Carew Tower, 441 Vine Street
Cincinnati, Ohio 45202-3090
Telephone:     (513) 579-1414
Facsimile:     (513) 579-1418
E-mail:        dhordes@smrslaw.com

Attorneys for Plaintiff
TIMOTHY PEARSON

/s/ Kristin Seifert Watson
Kristin Seifert Watson (0078032)
CLOPPERT, LATANICK, SAUTER &
    WASHBURN
225 East Broad Street, 4th Floor
Columbus, Ohio 43215-3709
Telephone:     (614) 461-4455
Facsimile:     (614) 621-6293
E-mail:        kwatson@cloppertlaw.com

Attorney for Defendants
UAW AND UAW LOCAL 863

/s/ Janette M. Louard  (per email auth.)
Janette M. Louard (0066257)
Lisa A. Orlando (0075339)
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, Ohio 44114
Telephone:     (216) 696-7600
Facsimile:     (216) 696-2038
E-mail:        jlouard@littler.com
               lorlando@littler.com

Attorneys for FORD MOTOR COMPANY

(EXHIBIT A)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **TIMOTHY L. PEARSON,** | : |
| | :    **Case No. 1:12CV966** |
|          **Plaintiff,** | : |
| | :    **JUDGE BECKWITH** |
|     **v .** | : |
| | :     **MAGISTRATE JUDGE LITKOVITZ** |
| **UNITED AUTOMOBILE WORKERS** | : |
| **INTERNATIONAL UNION, et al.,** | : |
| | : |
|          **Defendants.** | : |

**CONFIDENTIALITY AGREEMENT**

I, _____, represent and agree as follows:

1.     I reside at _____,
                                         (Address)

_____, _____, _____,
            (City)                           (State)                 (Zip)

and am employed as _____,
                                   (Title)

by _____,
                                 (Employer)

_____, _____, _____, _____,
      (Business Address)                         (City)               (State)

_____, _____.
      (Zip)                (Phone No.)

2.     I have read and know the contents of the Stipulated Protective Order dated _____
_____, 20____, and filed in the above entitled action.

3.     I am one of the persons described in Paragraph 10 of the Stipulated Protective Order, and I am signing this Confidentiality Agreement and agreeing to enter into this Confidentiality Agreement in order to satisfy the conditions provided in the Stipulated Protective

Order prior to the disclosure of any Confidential Information to me as said terms are defined and described in the Stipulated Protective Order.

4.  I expressly agree that:

(a)  I have read and shall be fully bound by the terms of the Stipulated Protective Order;

(b)  All Confidential Information disclosed to me pursuant to the Stipulated Protective Order shall be maintained by me in strict confidence, and I shall not disclose or use the original or any copy of, or the subject matter of, the Confidential Information, except in accordance with the Stipulated Protective Order;

(c)  I shall not make or cause to be made any copies of any Confidential Information in any form whatsoever without prior approval of counsel who retained me;

(d)  I shall not use or refer to any Confidential Information, or copies thereof, other than in connection with the above entitled action and as provided in the Stipulated Protective Order; and

(e)  Upon being notified of the termination of the above entitled action, I shall return all copies of all Confidential Information to the counsel for the party who furnished it to me, and I shall destroy any notes and memoranda I have regarding the same.

(f)  I submit to the jurisdiction of the United States District Court for the Southern District of Ohio in all matters relating to the Stipulated Protective Order and acknowledge that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Date:_____     _____
                                Signature